Lina Stillman, Esq.
Toneille Raglan, Esq.
Raglan and Stillman, Esq.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
PAOLA JIMENEZ

|  |  |
|---|---|
| *PLAINTIFFS,* | **COMPLAINT** |
| SUNRISE PHARMACY I, INC. (DBA Queens Health Pharmacy) ONESTALIO ZUÑIGA and RUBEN ZUÑIGA. | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------------------X
Plaintiffs Paola Jimenez, brings this Complaint against SUNRISE PHARMACY I, INC. (DBA

Queens Health Pharmacy) ONESTALIO ZUÑIGA and RUBEN ZUÑIGA, (collectively,

"Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the

New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the

Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and

related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

**NATURE OF ACTION**

1.      This Complaint seeks to recover overtime compensation Plaintiff.

2.      Plaintiff is a former employee of Defendants employed as Store Clark in Queens

Health Pharmacy located in Queens.

1

3.    As described herein, Individual Defendants ONESTALIO ZUÑIGA and RUBEN

ZUÑIGA ("Individual Defendants") employed Plaintiff for the purposes of the instant claims.

4.    SUNRISE PHARMACY I, INC. (DBA Queens Health Pharmacy) is a New York

Corporation with its headquarters at 7611 Broadway, Queens NY 11373.

5.    Individual Defendants ONESTALIO ZUÑIGA and RUBEN ZUÑIGA operate

and control Defendant Corporations and, by extension, Defendant Corporations' employees, for

part or all of the time period relevant to this action.

6.    At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours

per week, without receiving appropriate overtime compensation for any of the hours that she

worked

7.    Plaintiff now brings for federal and state claims relating to unpaid overtime

wages, unpaid spread-of-hours wages, failure to maintain records, pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y.

Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y.

Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and

Regulations ("NYCRR").

8.    In connection with the above-mentioned allegations and claims, Plaintiff seeks

compensatory damages as well as applicable liquidated damages, interest, attorney's fees and

costs.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337

and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

10.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiffs reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## PARTIES

### *Plaintiffs*

13.     Plaintiff Paola Jimenez, ("Plaintiff Jimenez") is an adult individual residing in East Elmhurst, NY. Plaintiff Jimenez was employed by Defendants from June 19, 2019 until 2021. At all relevant times to this complaint, Plaintiff Jimenez was employed by Defendants to work as a Store Manager at their drugstore located at 7611 Broadway Queens, NY 11373.

14.     Plaintiff consent to be parties pursuant to 29 U.S.C. § 216(b)

### *Defendants*

15.     Individual Defendants have owned, operated and controlled Queens Health Pharmacy; all times relevant to this complaint.

16.     On information and belief, SUNRISE PHARMACY I, INC. is a corporation organized and existing under the laws of the State of New York starting June 2019.

17.     Upon information and belief both SUNRISE PHARMACY I, INC., individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

18.     On information and belief, the operations of SUNRISE PHARMACY I, INC., individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

19.     Defendant ONESTALIO ZUÑIGA, is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant ONESTALIO ZUÑIGA has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, ONESTALIO ZUÑIGA has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

20.     Defendant RUBEN ZUÑIGA, is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant RUBEN ZUÑIGA has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, RUBEN ZUÑIGA has a prominent role in the setting of

salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.    Defendants operate a company where the Plaintiff worked. At all relevant times, Individual Defendants ONESTALIO ZUÑIGA and RUBEN ZUÑIGA:

22.    possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

23.    Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.    At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25.    Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

5

27.     At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

28.     Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

29.     Individual Defendants supervised Plaintiffs' work schedules and conditions of her employment.

30.     Individual Defendants also determined the rate and method of payment for Plaintiffs and other similarly situated employees.

31.     Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

32.     Defendants disguised Plaintiff as a "shareholder", however there are no known documents that appear to show that Plaintiff was a shareholder nor was accounting ever done to show that she was a shareholder.

*Individual Plaintiff Paola Jimenez*

33.     Plaintiff Jimenez is a former employee of Defendants, primarily employed in performing the duties of a store clerk in their drugstore. Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure, but rather was controlled by Defendants.

34.     Plaintiff Jimenez was employed by Defendants from approximately June 4, 2019 until March 2021.

35.        Plaintiff worked at the pharmacy for over 13 years, the former owner of the drugstore died and the drugstore was purchased by Defendants.

36.        Plaintiff work schedule with the new ownership was 9:00 AM – 5:00 PM, Monday to Friday and one Saturday per month 9:00 AM – 5:00 PM for $1,250 per week.

37.        A few weeks into it, Defendants demanded that she close the store at least 3 days per week. So, she was working 9:00 AM – 5:00 PM for 2 days Monday to Friday and 9:00 AM – 7:00 PM for 3 days Monday to Friday. In total, she worked over 60 hours per week or more. Asked, they would always say that they would "work it out later" because she was a "partner".

38.        Plaintiff never took lunch breaks because she had to be at the register. The only other person in the store was the supervising pharmacist filling scripts. She had to attend to the register and do everything else while the pharmacist performed functions in the pharmacy area.

39.        Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor.

40.        Plaintiff Jimenez regularly handled goods in interstate commerce, such as produces were produced outside of the State of New York.

41.        Plaintiff Jimenez work duties required neither discretion nor independent judgment.

42.        Throughout the employment with Defendants, Plaintiff Jimenez regularly worked in excess of 40 hours per week.

7

43.      Defendants never paid overtime for hours beyond (40) per week.

*Defendants' General Employment Practices*

44.      Defendants regularly require Plaintiff to work in excess of forty (40)

hours per week without paying her the proper overtime wages or spread of hours' compensation.

45.      By employing this practice, Defendants avoided paying Plaintiff at the

overtime rate of time and a half for most or all of her hours worked in excess of forty (40) hours

per week.

## FIRST CAUSE OF ACTION
### (Violation of FLSA Overtime)

46.       Plaintiffs repeats and realleges all paragraphs above as though fully set

forth herein.

47.      At all times relevant to this action, Defendants were Plaintiffs' employers

(within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the

power to hire and fire Plaintiff ), control the terms and conditions of employment, and determine

the rate and method of any compensation in exchange for her employment.

48.      At all times relevant to this action, Defendants were engaged in

commerce or in an industry or activity affecting commerce.

49.      Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203 (r-s).

50.      Defendants, in violation of the FLSA, failed to pay Plaintiff

 overtime compensation at rates of one and one-half times the regular rate of pay for each hour

worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

51.      Defendants' failure to pay Plaintiff )

overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52.        Defendants took unlawful deductions from Plaintiffs' earned wages and

the FLSA Collective's earned wages.

53.        Defendants, in violated of the FLSA, failed to pay Plaintiff agreed-upon

wages by virtue of their withholding policies, time-clock policies and chargeback policies as

described herein.

54.        Defendants failed to satisfy the FLSA's recordkeeping requirements.

55.        Defendants acted willfully in their violations of the FLSA's requirements.

56.         Plaintiff (and the FLSA Collective) was damaged in an amount to be

determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of the Overtime/ Provisions of NYLL)

57.        Plaintiffs repeats and realleges all paragraphs above as though fully set

forth herein.

58.        At all times relevant to this action, Defendants were Plaintiffs' employers

within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff, control terms and conditions of employment, and determine the rates and methods

of any compensation in exchange for employment.

59.        Defendants, in violation of the NYLL and associated rules and

regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the

regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of

N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

60.          Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

61.          Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

62.          Plaintiff was damaged in an amount to be determined at trial.

63.          Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64.          Plaintiff was damaged in an amount to be determined at trial.

65.          Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.          Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff

(b)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.

(c)     Awarding Plaintiff damages for the amount of unpaid overtime wages,

(d)     Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(e)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff.

(f)     Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(g)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(h)     Awarding Plaintiff and the FLSA pre-judgment and post-judgment interest as applicable;

(i)     Awarding Plaintiffs and the FLSA the expenses incurred in this action, including costs and attorney's fees; and

(j)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 16, 2022

LINA STILLMAN, ESQ.

____/s/ *Lina Stillman*_____
By:     STILLMAN LEGAL, P.C.

11